Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Public Defender's Office for Mr. Clark, and I will try to reserve two minutes for rebuttal. Your Honors, I think the first issue that has to be addressed in this case is what is the scope of Condition No. 6? It seems like the defense perspective, the government's perspective, and the district court's perspective all differ on that. How is your perspective different than the government's as expressed in its brief? As I read their briefing, they're saying, well, we think this provision is no broader than you argue that it should be. Shouldn't we just modify it to correspond to your, I think, apparent agreement? Well, that would be a fairly significant modification. On its face, it seems broader, but the government seems to be saying, you're right, we don't read it as meaning that he can't go to Barnes & Noble or go see a movie in a Metroplex. I think we'd want to do more than add that language, because the way I read this condition, it covers what he can view and possess and where he can be. Right. It's the where he can be that we're talking about. I think that was Judge Hurwitz's exact question. I don't think the government is trying to keep him out of the public library or out of a large ordinary bookstore. So the interchange Can you talk to the government about whether you can agree on the language that would be satisfactory to both of you? We haven't talked about it, but I would say it's broader than just the where he can be side of it. I think it's broader than just the where he's trying to be. I agree that it's broader than just the where he can be, although that's certainly set to the part from all of this Court's precedent. Well, let's assume you win, and we have to write a disposition that says, we are hereby modifying condition number 6 to say, what would you have it say? Well, I would have it restrict it. You must have thought of that. You've come here asking us to modify 6. What should it say? Well, I would say, you know, there are cases where the problem is that even when courts have said this just goes to what the person can view and it just goes to pornography. I know, but that's not answering the question. If you were the judge now and writing this, what would you say? I would leave it at, I mean, certainly, I think the other conditions he has. Obviously, it would be a violation of many laws for him to ever look at. No, I'm just going to say we're going to keep condition 6. We're not going to toss it out. You've won the case. We're going to keep condition 6. We're going to modify it. I'm writing down the language right now that you want. What do you want in it? I would say it goes to what he can view and it goes to pornography. No, but that's a general statement. And I understand that's a general statement. Just tell me what he should, condition 6 should prohibit him from doing. Well, as his defense attorney, I would like to not see condition 6. Okay. But let's assume you can't, you don't win me on that one. I suppose legal language for such a condition, I would say he cannot view material that depicts child pornography. That would cover it. Well, what would be wrong with something that says that your client cannot frequent places that are primarily involved with depictions of sexually explicit material, such as adult bookstores? Isn't that really what this condition is about? And if it were stated along those lines, then all of your parade of horribles in your briefing would go away because he could, you know, go to the library and check out whatever book he might wish to check out. And it would be a rather narrow condition. I wouldn't advocate that condition, but I certainly see that there are cases in other circuits that have upheld the condition. You cannot go to a place that's primary purpose of business is selling pornography. Isn't that what the government's position is in this case, that that's the intent in their view, that that would be a sufficient coverage of Condition 6? I mean, I will have to leave it to the government to say. I will say that if you read the sentencing hearing, the interchange between District Judge Shub and the probation officer, he says, couldn't this be changed so he can go to the library? And the probation officer says no. So I think we're not dealing with the probation officer. We're trying to come up with something that is within the legitimate scope of what the trial court was trying to achieve and that meets the specific objections that you have made. So would the type of condition that I described pass constitutional muster and be sufficiently clear and meet the other objections that you had? Well, You have an opportunity. Yes. We would not do a petition. I won't advocate for it, but we wouldn't do a challenge if it says he cannot frequent a place whose primary purpose is the sale of pornography. Well, not just sale. Sale, rental, or, you know, Dissemination. Exposition, whatever. But, yeah. Yes. I think if that were it, and I don't see that we'd, I mean, the problem is this court's precedent has said pornography itself is a vague term. So I don't know. Well, there is a definition of sexually explicit conduct, which is quite detailed. Well, this is the interesting thing. If you look at the definition in 2256, 2256-2. Right. And I read it as covering perfectly non-pornographic, non-stimulating, non-titillating descriptions of sex. It's basically any No, but we're not talking about descriptions here. We're talking about depictions. Well, the condition has been written No, no. We're talking about what kind of a condition might be modifying what the district court said. We're trying to find a condition that would appear to be constitutional or would be constitutional that would modify what the district court said. Well, I'm And we're trying to give you an opportunity to help us frame that condition. I think a term such as adult bookstores or adult stores or pornography is more limited than places that have materials that have sexually things that describe or depict sexually explicit conduct as described in 2256-2, because that's very broad. Let's go back to what Judge Graber said. Is there anything wrong with that? With the I think that would be The primary purpose of which is to exhibit or sell or whatever a long list of verbs that are pornographic. I mean, that Pornography, I think we wouldn't object to that as long as it's not this broader idea of Yeah. And look, this is we're not the sentencing judge. So the issue isn't whether or not you here's here's here's how you come here. You come here and you say this provision is too broad. I'm guessing that the three of us say that's a pretty good argument, but we don't think you're entitled to have it stricken entirely. And so we're going to modify it or suggest that it be modified. And so you've largely won. I think if you can tell us what you want. You can't tell us I don't want anything, because that's not we're not going there. I would like the condition to be modified to say he cannot go to places that sell or disseminate adult or pornography. That would be fine. And I'll Primarily sell, I think is what you mean. I'll reserve my remaining time. Thank you. Good morning. My name is Jill Thomas on behalf of the United States. May it please the Court. How do you feel about the they're not asking you, you know, are you jumping up and down with joy? But how do you feel about the proposed amendment in general terms that Judge Graber proposed? To be clear, the government believes that the condition as written with the word writing stricken by the district court should be upheld because it's been upheld by this Court in three other cases. But with the Court's question And I'm just we're just we're just thinking out loud here. You've made that argument. Perhaps you'll win on it. But my guess is you won't. And so tell us what it should say. So if if this Court is going to modify the condition, I think the only modification that really would capture a constitutional and not overly broad and would fit this defendant, I would say strike the word book books and strike the word describing. So it's a depicting sexually explicit conduct, including and then it would have computer images, pictures, photographs, drawings, videos or video games. No writings. Writings has already been stricken. I know. I didn't say it. I'm sorry. Yes. Books to be stricken and the word describing and or well and or describing would have to be stricken as a phrase and books would be stricken. Correct. Would that would that be sufficient to deal with the following problem? And if not, how would we deal with it? Let's say there's a 16 screen movie theater in your town and, you know, 11 of the movies are G rated children's films and one of them is R rated and includes images of sexually explicit conduct. Is he forbidden to go to the multiplex? Given that hypothetical, Your Honor, and with the with the modified language that we discussed, I would say that he is not forbidden because the the currently written condition allows him to not frequent places. So he's still allowed to go to certain places. What does that mean? I don't understand. What's the difference if he goes to the movies every week because he likes the movies? Does he frequent a place that has material of this kind? Well, the definition of frequent is regularly, routinely. That was why my hypothetical said he goes to the movies every week. That's where you at one point you had primarily. Right. And that's why that's where I was going with this question, I guess, is what if it said something like places, the primary purpose of which is to show material depicting, et cetera? I think he would be prohibited, but I do I would point you to the case that was cited by the defense where the Simmons case in the Eighth Circuit, where they said you just the words, they can't be used with a mathematical certainty when we when these conditions are fashioned, the court cannot come up with this exact language to capture everything and every piece of movement. I guess what I'm trying to understand is whether it's the government's position that he's not allowed to do what's in my hypothetical or he is allowed to do what's in my hypothetical. And if he's not, why not? I would say he is not able to go to that film depicting. No, I don't think that was Judge Weber's question. It's a place. And if it's a place that shows 16 movies and he goes to one a week, can he go to that place if only a portion of it's not primary. It's not an adult movie theater I'm talking about. It's a place that has, you know, an R-rated Tom Cruise movie and then Despicable Me. You know, can he can he go to the movies? Once a week, I would not consider frequent. Well, but that's that's not what's that's not the troubling question. Here's the troubling question. And let me be let's assume we have a multiplex with five theaters. Theater number five depicts pornography. Other four depict G-rated films. He goes every week to see a G-rated film in that movie theater. Has he violated the terms of probation of supervised release under your view? I'll give you an answer. I think he is. Answer Judge Horwitz by saying it's not a perfect world and place is a little ambiguous. It could mean the one theater or it could mean the entire group. And there's no way to write anything. No, I know. No statute of any where you can answer every question. I know it's more important than a First Amendment case, but we wouldn't need a court if you could write something that answered every question in advance. That was my point earlier. That's a perfect answer, but isn't the real answer no? Of course he wouldn't. He wouldn't be, the place he would be frequenting are the theaters with the G-rated stuff. That's right. Then you define place as the one theater. That's the place he can't visit. But I can bet you I can find a U.S. attorney or even a court that would say no, place means the entire theater. I could give you judges on our court who might well interpret it that way. And I don't think you can answer the question of how every U.S. attorney, every judge would interpret the word place given this problem. Does it mean the one theater or the multiplex? Same with the word frequent. It's not defined, obviously, as well. I think you've done a pretty good job in giving us the definition. Whatever you do, with the help from Judge Graber, but whatever you do, I don't think you're going to answer in advance every question that can be posed. I don't think there's a definition anyone's ever made that created. And if they do, boy, have I got a job for them. Yeah, and that's why we would turn to the Ninth Circuit precedent in B, Daniels and Reardon. It looks, this court upheld similar conditions, written very similarly. And so that's why the government rests on that precedent and believes that this particular condition applied to this individualized defendant is a person who should have this condition, and it's not overly broad. Although you interpret this condition in a way that doesn't pose some of the problems that the defendant says. You say, for example, sure, you can go to the library. Correct. On the face of it, this might seem to prohibit that, but you say, we don't think it's that broad. And so- You may not be there after two years. And the next U.S. attorney may say, I'm going to think that over for a while, and then take six years to think it over. That's true, and the probation officer obviously had come up with this condition and this particular case based on this defendant's behavior and characteristics. And the judge was very thoughtful and sensitive to the First Amendment issue and struck the word writings, but believed that the rest should stay in there. Let me ask you one more question. You've heard Judge Graber's definition she talked about. Given that you can't really just pick the ideal definition from the probation officer's standpoint, would you find Judge Graber's to be an acceptable definition? Yes, I do, Your Honor. Okay. I think that's enough, unless anyone has a question. We don't often draft out loud with you, but this is helpful. It's helpful to have both of you parse our language. And does the Court need to hear anything about the lifetime supervised release? No, no. Okay. Thank you. Thank you, Your Honors. I just would like to briefly recap that first, obviously, the court, the opposing counsel referred to B, Daniels, and Reardon. And I just want to point out, those were about what one can possess and view and not about where one can be. So this court, the only thing I found remotely like this case, where there's this frequenting condition, was an unpublished mem dispo called U.S. versus Little Dog from 2012. And they did suggest a modification along the lines of you can't be in an adult bookstore. But they pointed out that gas stations usually have a section discreetly that has pornography. And if you go to the gas station regularly, you're violating that, a condition like this. Gas stations have primarily devoted to pornography. Right. So I think if you say primarily and you say pornography, sexually explicit conduct is just hugely broad. It could cover medical reference books. Even if you say, well, I'm going to take out descriptions, depictions could be in there that would cover, would fall within this. If your client's supervised release is terminated because he went, he bought a medical book, come and see us. My guess is that you won't need to. The district judge will help you out. We want plain language that's easy for probation officers to understand and enforce and for judges to understand. And especially for people viewing books, we don't want them to be chilled from looking at what they should be able to look at. Thank you. Thank you. Case just argued will be submitted.
judges: Reinhardt, Graber, Hurwitz